## Irwin v. Porter, Appellant.

*Contract—Indemnity—Workmen's compensation law—Collateral attack on finding of Workmen's Compensation Board.*

Where a subcontractor enters into a contract of indemnity to reimburse the general contractor for payments made on account of an award of damages under the workmen's compensation law against the general contractor, and it appears in an action on the contract of indemnity that the general contractor had been compelled to pay an award of the compensation board in favor of the dependents of an employee of the subcontractor killed in the work, the defendant cannot set up as a defense that the man was killed by the negligence of another contractor on the general work, or that the subcontractor himself was not liable either at common law or under the Workmen's Compensation Act. In such a case the finding of the compensation board is conclusive, and cannot be attacked collaterally, and the subcontractor is liable under the very words of his contract of indemnity.

Argued Oct. 12, 1917. Appeal, No. 251, Oct. T., 1917, by defendant, from order of C. P. No. 3, Philadelphia Co., March T., 1917, No. 3372, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Alexander D. Irwin, Jr., and Archibald O. Leighton, trading as Irwin & Leighton, v. James Porter. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a contract of indemnity.

Rule for judgment for want of a sufficient affidavit of defense.

FERGUSON, J., filed the following opinion:

Irwin & Leighton had a contract for the erection of an electric truck shop for the Baldwin Locomotive Works. They contracted with the defendant as subcontractor for the excavation, grading and filling. Baldwin Locomotive Works also had a contract with McClintic Marshall Company, iron workers, for the erection of the steel frame of the truck shop. During the course of the work in and about the building a man named D'Amico, an employee of the defendant, Porter, was killed, as a result of the negligence of the employees of McClintic Marshall Company, in permitting an iron beam to fall from the upper stories.

The contract between Irwin & Leighton and Porter contained the following provision:

"The subcontractor does hereby agree to indemnify and save harmless the contractor of and from all loss, damage, costs and expense which the contractor may suffer or sustain or be threatened with liability for, arising, either under any workmen's compensation law or otherwise, out of the performance of this contract by the subcontractor, his agents, employees, subcontractors or materialmen. The subcontractor shall carry liability insurance in an amount and in a company or companies satisfactory to the general contractor, indemnifying and saving harmless the contractor and owner of said building against all damages, either under any workmen's compensation law or otherwise, which either of them may sustain or be liable for by reason of any damage to life, limb or property, growing out of the execution of the work covered by this contract, or any extra work undertaken as herein provided, and shall, at his own expense, defend any suit or action brought against the owner or contractor founded upon the claim of such damage."

The defendants of D'Amico made claim under the

Opinion of Court below.

Workmen's Compensation Act of 1915 against the plaintiffs and the defendant. The referee made an award against the plaintiffs under Article III, Section 302, paragraph (b), and decided that Porter was not liable for compensation under the act. Payment has been made on account of said award by Irwin & Leighton and this suit is to recover from Porter the amount so paid.

There is no material dispute as to the facts. The result of the operation of the Workmen's Compensation Act in imposing the liability for compensation on Irwin & Leighton was probably a surprise to the parties. It is also probable the clause in the contract quoted above was inserted because of uncertainty as to the interpretation of the law. Porter contracted to indemnify and save harmless Irwin & Leighton from any damage they might sustain by reason of anything arising under the compensation law and growing out of the performance of the contract of Porter. There can be no doubt that D'Amico at the time of his injury was employed by Porter and was performing his work for Porter under the contract of the latter with Irwin & Leighton. To our mind the case comes clearly within the language of the stipulation in the contract. Porter had knowledge of the proceedings under the Workmen's Compensation Act and was a party to them. All persons apparently acquiesced in the decision and no appeal was taken. The award, therefore, stands as a binding judgment against Irwin & Leighton and justifies their proceeding upon the stipulation in the contract with Porter.

The responsibility resting on the defendant arises out of this contract. He probably was not responsible at common law to the dependents of the deceased. He has been found not to be responsible under the workmen's compensation law. He contracted, however, that if the plaintiffs on either ground should be held responsible he would indemnify them.

The stipulation referred to also contains a clause obligating Porter to carry liability insurance, indemnifying

the owner and the principal contractors against damage arising under the workmen's compensation law. It is averred in the affidavit of defense that after the contract was executed the defendant took out liability insurance for himself and notified the plaintiffs of the fact, and the plaintiffs made no objection to the form or character of such insurance. We do not think it can be seriously argued that these facts can be advanced as exonerating the defendant.

If a man is bound to do a certain thing as a part performance of his contract in writing, he is not relieved from full performance by informing the other party, with respect to a particular thing he is to do, that he has done something else. Nothing but a clear notice that he refuses to do the other, acquiesced in, can prevent the enforcement of the full stipulation. If the parties had in some unequivocal way agreed upon an interpretation of the contract inconsistent with its language, they might have been bound by that interpretation. Nothing of the sort can be inferred from the fact that defendant notified plaintiffs that he had taken out liability insurance for his own benefit. Plaintiffs had a right to assume that defendant would also perform the stipulation to take out insurance for their benefit. If damage resulted to plaintiffs because of this failure to insure the defendant must answer.

We think, however, the case does not depend upon this feature of the contract. The other clauses are sufficient to sustain the plaintiffs' claim.

The only remaining matter set up in the affidavit of defense is the averment that plaintiffs have indemnity insurance and the action is in relief of the insurer. It is no defense on the part of one clearly liable on a contract to aver that there is someone else not a party to the contract who might also be liable as indemnitor.

Rule absolute.

*Error assigned* was the order of the court.

*S. G. Birnie,* for appellant.

*Edward M. Biddle,* for appellee.

OPINION BY KEPHART, J., March 2, 1918:

The material question in this case has been quite fully answered in the opinion of Judge FERGUSON in the court below as will be seen by a report of that opinion filed.

The Baldwin Locomotive Works planned to erect an electric truck shop. They entered into a general contract with the McClintic, Marshall Construction Company for the erection of the steel frame of the proposed shop, and into another general contract with the appellees for most of the other work necessary to the completion of the building. The appellees made a subcontract with the appellant for a part of the work. It was one of appellant's employees that was killed and the compensation board allowed to the dependents of the employee a claim against the appellees. The question before the court below arose solely on the indemnity contract between the contractor and subcontractor upon which suit was brought. The court below directed judgment for want of a sufficient affidavit of defense.

The appellant urges that he is not liable because the language of the indemnifying contract contemplated only such loss as might arise through some fault of his in the performance of his work, or growing out of the execution of the work he had agreed to do; and that in no event could the language of the contract embrace a liability for the fault of some one not in any manner connected with the work and with whom he was in no way contractually related and who, to all intents and purposes, was a mere bystander. We cannot agree with the appellant's contention. The McClintic, Marshall Construction Company's relation to this work was of such nature that it imposed upon the appellant, Porter, the duty of so arranging his work that his employees were not unnecessarily placed in a position of danger. That

company cannot be considered as a mere bystander. It was lawfully engaged in the performance of work which was so related to and associated with the work of the appellant that it might be said to be a part thereof. Whatever may be the legal conclusion with respect to this liability, from the facts that were considered by the Compensation Board, the award of that body, so far as this contract is concerned, is conclusive and cannot be attacked collaterally. There is no denial that the employee's dependents were lawful claimants under the compensation act. The board found that the accident occurred during the course of the employment as defined by that act, and held the appellees liable for a sum of money determined by the act. That may or may not have been a correct finding, but such liability was exactly what the appellees intended to cover by the indemnity contract. It was not necessary for the appellees to show that the accident was caused by the appellant's negligence, nor would the fact that the injury occurred through one who had no direct contractual relation with the defendant affect the claim here made, if compensation was allowed for that injury under the act. If there was no liability under the act, that should have been determined by an appeal from their award. This was not done and the appellant became liable on his contract.

The judgment is affirmed.